IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,130-01






EX PARTE DAVID MICHAEL SHEID, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 15239 IN THE 43
RD JUDICIAL DISTRICT COURT


OF PARKER COUNTY






 Per curiam.



O R D E R



 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07 of the Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d
824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to the felony offense of
manufacture of a controlled substance, and punishment was assessed at twenty-five years'
confinement. No direct appeal was taken.

 Applicant contends that his plea was not knowingly and voluntarily entered
because the plea was conditioned on this sentence being run concurrently with
Applicant's federal sentence. This Court remanded to the trial court to determine whether
concurrent sentencing was indeed an express term of the plea agreement. The trial court
has entered findings of fact and conclusions of law, finding that it was an express term of
the plea agreement that this sentence run concurrently with Applicant's federal sentence.

 On January 8, 2006 Applicant filed a "corrected clarification of relief requested,"
indicating that he did not want to withdraw his plea, and arguing that he was entitled to
specific performance of the plea agreement. However, specific performance cannot be
granted in this case. This Court can only afford Applicant the opportunity to withdraw
the plea and face the charges against him. Because the type of relief that Applicant
requests cannot be provided, we construe Applicant's "corrected clarification of relief
requested" as a motion to withdraw his writ application. Applicant's writ is therefore
dismissed without prejudice.

IT IS SO ORDERED this the 29th day of March.

DO NOT PUBLISH